# MEMORANDA

# CASES NOT REPORTED IN FULL.

## WILLIAM KING, Respondent, v. CLARA KING, Appellant, and GEORGE F. KING, Defendant.

*Evidence — certificate of a surrogate as to the probate of a will — when sufficient — Code of Civil Procedure, sec. 2629.*

Appeal from a judgment, entered upon the report of a referee.

This action was brought to compel the defendant Clara King to convey certain real estate, of which she holds the legal title, to the plaintiff and his minor son, the said George F. King, who are the alleged devisees of her deceased husband John King.

After considering other questions the General Term said: "The objection that the will was erroneously received in evidence is not well founded. The will offered was the original, and attached to it was a certificate of the surrogate of the proper county, to the effect that the same 'was duly proved before' said surrogate, 'according to law, as and for the last will and testament of the real and personal estate of the said deceased. Which said last will and testament, and the proofs and examinations taken thereon, are recorded in this office.' It is contended that the certificate is insufficient under section 2629 of the Code of Civil Procedure, which requires that the certificate shall state that the will has, 'upon due proof, been admitted to probate as a will valid to pass real or personal property, or both, as the case may be.' The statute does not prescribe the form of the certificate; it is enough if the certificate states in substance what the statute requires, and we think the certificate in the present case meets that requirement."

     *        *        *        *        *

*Ira H. Myers*, for Clara King, appellant.

*George U. Loveridge*, for the resyondent and defendant George F. King.

Opinion by Smith, P. J.; Barker and Bradley, JJ., concurred; Haight, J., not sitting.

Judgment and order affirmed, with costs to be paid by appellant.